**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**WESLEY ROBINSON AND
LOURDES SALGADO,**

    **Plaintiff,**

                            **CASE NO.:**

**vs.**

**HOWARD'S RECOVERY, LLC,
a Florida Limited Liability Company,
and PAUL HOWARD, Individually,**

    **Defendants.**

_____/

**COMPLAINT & DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiffs, WESLEY ROBINSON and LOURDES SALGADO, by and through their undersigned counsel, and hereby file this Complaint against the Defendants, HOWARD'S RECOVERY, LLC, a Florida Limited Liability Company, and PAUL HOWARD, Individually, for unpaid overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"), and allege as follows:

**INTRODUCTION**

1. This is an action by the Plaintiff against his previous employer for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff seeks damages, reasonable attorney's fees, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

**JURISDICTION**

2. This action arises under the Fair Labor Standards Act, 29 U.S.C. §210, *et. seq.* Jurisdiction is proper in this court pursuant 29 U.S.C. § 216.

## VENUE

3. The venue of this Court over this controversy is proper based upon the claim arising in Orange County, Florida.

4. Venue is proper in the Orlando Division of the Middle District of Florida pursuant to Local Rule 1.02(b)(2).

## PARTIES

5. Plaintiffs worked as "Truck Drivers/Recovery Agents" for Defendant in Florida.

6. Plaintiff Robinson was an employee of the Defendant from September 14, 2018 to the present.

7. Plaintiff Salgado was an employee of the Defendant from approximately September 2019 through April 15, 2019.

8. Plaintiff were employees of the Defendant within the last three (3) years.

9. Defendant is an automobile towing and recovery service based out of Polk, County, Florida, but performs services in Orlando, Florida (5227 Young Pine Road, Orlando, Florida 32829), and is therefore, within the jurisdiction of this court.

10. Defendant performs its services across central Florida.

11. At all times relevant to this action, PAUL HOWARD was an individual resident of the State of Florida, who owned and operated HOWARD'S RECOVERY, LLC, and who regularly exercised the authority to: (a) hire and fire employees of HOWARD'S RECOVERY, LLC; (b) determine the work schedules for the employees of HOWARD'S RECOVERY, LLC, and (c) control the finances and operations of HOWARD'S RECOVERY, LLC. By virtue of having regularly exercised that authority on behalf of HOWARD'S RECOVERY, LLC, PAUL HOWARD is/was an employer as defined by 29 U.S.C. § 201, et seq.

## FLSA ENTERPRISE COVERAGE

12. At all material times (2017-2020), Defendant was an enterprise subject to the FLSA's provision on minimum wage and overtime wages.

13. At all times material hereto, Defendant was and is an enterprise covered by the FLSA pursuant to 29 U.S.C. § 203(s)(1)(A).

14. At all material times (2017-2020), Defendant was an enterprise engaged in commerce or in the production of goods for commerce, in that said enterprise had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person (i.e. food, restaurant equipment, telephones, computers, pens, and paper).

15. Defendant's employees ran credit card transactions which engaged in interstate commerce, handling or otherwise working with materials that have been moved in or produced for interstate commerce (i.e. telephones, computers, pens, and paper a laptop/tablet, license plate readers/cameras, company vehicles, etc.).

16. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

17. At all times material hereto, Defendant was and continues to be an "employer" within the meaning of the FLSA.

18. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time period.

## FACTUAL ALLEGATIONS

19. Plaintiff Robinson was an employee of the Defendant from September 14, 2018 to the present.

20. Plaintiff Salgado was an employee of the Defendant from approximately September 2019 through April 15, 2019.

21. Plaintiffs worked as "Truck Drivers/Recovery Agents" for Defendant in Florida.

22. Plaintiffs' job duties included, but were not limited to recovering financial assets and transporting them.

23. Plaintiffs were paid an hourly rate plus additional bonuses for items retrieved.

24. Plaintiffs were full-time employees.

25. At all times material to this cause of action, Plaintiffs were non-exempt employees and therefore entitled to overtime wages for any and all overtime hours worked.

26. Plaintiffs did not have any authority to hire employees.

27. Plaintiffs did not have any authority to fire employees.

28. Plaintiffs did not exercise independent discretion and independent judgment with respect to matters of significance.

29. Plaintiffs were assigned work by supervisors.

30. Plaintiffs were assigned their schedule by supervisors.

31. During Plaintiffs' employment, Plaintiffs worked in excess of forty (40) hours per work week during one or more work weeks.

32. Defendant did not keep track of all hours worked by Plaintiffs.

33. Therefore, Plaintiffs' pay records do not show all hours worked, including time over forty hours per week.

34. Defendant failed to pay Plaintiffs for all hours worked.

35. Defendant knew or should have known of Plaintiffs' schedule and hours worked each week.

36. Plaintiffs were eligible to be paid overtime pay at time and one half his regular rate.

37. Plaintiffs were not compensated at time-and-one-half for all hours worked in excess of forty (40) hours in a workweek.

38. Due to this pay policy or practice by the Defendant, Plaintiffs were not paid overtime compensation for all of the overtime hours worked.

39. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiffs are in the possession and custody of the Defendant.

40. Defendant's failure and/or refusal to properly compensate Plaintiffs at the rates and amounts required by the FLSA were willful.  Notably, Defendant has been sued previously over FLSA claims.  *See* Donner, III et al v. Howard's Recovery, LLC *et al* 8:19-CV-02151 (filed 08/28/2019).

**COUNT I - RECOVERY OF OVERTIME COMPENSATION (Plaintiff Robinson)**

41. Plaintiff re-alleges and incorporates paragraphs 1-40 as if fully set forth herein.

42. Plaintiff regularly worked in excess of forty (40) hours per week.

43. Plaintiff was not properly compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours he worked in excess of forty (40) hours each workweek.

44. Plaintiff was and is entitled to be paid at the statutory rate of overtime calculation for those hours worked in excess of forty (40) hours.

45. At all times material hereto, Defendant failed, and continues to fail, to maintain proper

time records as mandated by the FLSA.

46. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff for overtime for all hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

47. Defendant failed to properly disclose or apprise Plaintiff's rights under the FLSA.

48. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

49. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

50. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to the Plaintiff by virtue of the management policy, plan, or decision that intentionally provided for the compensation of less than time-and-one-half for overtime hours worked.

51. Based upon information and belief, Plaintiff is/was not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks, because Defendant failed to properly pay Plaintiff proper overtime wages.

52. Plaintiff demands a trial by jury.

53. Defendant violated Title 29 U.S.C. §207 for the relevant period of time in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendant;

    b. No payments, and provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular

rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

      c.      Defendant failed to maintain proper time records as mandated by the FLSA.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant: awarding Plaintiff overtime compensation in the amount due for Plaintiff's time worked in excess of forty (40) hours per work week while employed; an equal amount in liquidated damages; awarding Plaintiff pre-judgment and/or post-judgment interest; an award of costs and expenses of this action together with reasonable attorneys' and expert fees, and any other further relief the Court deems just and proper.

## COUNT II - RECOVERY OF OVERTIME COMPENSATION (Plaintiff Salgado)

54. Plaintiff re-alleges and incorporates paragraphs 1-40 as if fully set forth herein.

55. Plaintiff regularly worked in excess of forty (40) hours per week.

56. Plaintiff was not properly compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours he worked in excess of forty (40) hours each workweek.

57. Plaintiff was and is entitled to be paid at the statutory rate of overtime calculation for those hours worked in excess of forty (40) hours.

58. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

59. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff for overtime for all hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

60. Defendant failed to properly disclose or apprise Plaintiff's rights under the FLSA.

61. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and

continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

62. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

63. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to the Plaintiff by virtue of the management policy, plan, or decision that intentionally provided for the compensation of less than time-and-one-half for overtime hours worked.

64. Based upon information and belief, Plaintiff is/was not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks, because Defendant failed to properly pay Plaintiff proper overtime wages.

65. Plaintiff demands a trial by jury.

66. Defendant violated Title 29 U.S.C. §207 for the relevant period of time in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendant;

    b. No payments, and provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

    c. Defendant failed to maintain proper time records as mandated by the FLSA.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendant: awarding Plaintiff overtime compensation in the amount due for Plaintiff's time worked in excess of forty (40) hours per work week while employed; an equal amount in liquidated damages;

awarding Plaintiff pre-judgment and/or post-judgment interest; an award of costs and expenses of this action together with reasonable attorneys' and expert fees, and any other further relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable against Defendant.

DATED this __**24th**___ day of **June, 2020**.

Respectfully submitted,

*/s/ Louis Montone*
Carlos V. Leach, Esq.
Fla. Bar No.: 540021
Louis Montone, Esq.
Fla. Bar No.: 0112096
The Leach Firm, P.A.
631 S. Orlando Ave., Suite 300
Winter Park, Florida 32789
Direct: (321) 441-4103
Facsimile: (407) 960-4789
E-mail: cleach@theleachfirm.com
E-mail: lmontone@theleachfirm.com
***Attorneys for Plaintiff***