UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**WESLEY ROBINSON**

      **Plaintiff,**

v.                                                   Case No: 6:20-cv-1124-WWB-EJK

**HOWARD'S RECOVERY, LLC and
PAUL HOWARD,**

      **Defendants.**

### REPORT AND RECOMMENDATION

This cause comes before the Court on the parties' Second Renewed Joint Motion for Approval of Settlement (the "Motion"), filed December 17, 2021. (Doc. 45.) Upon consideration, I respectfully recommend that the Motion be granted in part.

**I. BACKGROUND**

On September 16, 2020, Plaintiff Wesley Robinson filed an amended complaint against Defendants pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201–219. (Doc. 10.) Plaintiff alleges that he was employed as a "truck driver/recovery agent" by Defendants from September 14, 2018 to the present. (*Id.* ¶¶ 5–6.) Plaintiff states that, during the course of his employment, he routinely worked in excess of forty hours a week, but his employer failed to pay the required minimum and overtime wages as required by the FLSA and Florida law. (*Id.* ¶¶ 42–46.) Defendants deny liability for Plaintiff's claims. (Docs. 21; 45 ¶ 4.) However, Plaintiff and Defendants have negotiated a compromise and settlement of Plaintiff's claims and

filed the instant Motion for approval of their settlement agreement (the "Agreement") pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354–55 (11th Cir. 1982).[1] (Doc. 45.)

## II. STANDARD

"The principal congressional purpose in enacting the Fair Labor Standards Act of 1938 was to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981) (alteration in original) (quoting 29 U.S.C. § 202(a)). "Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Section 206 establishes the federally mandated minimum hourly wage, and section 207 prescribes overtime compensation of "one and one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek. The provisions of the FLSA are mandatory and "cannot be abridged by contract or otherwise waived." *Barrentine*, 450 U.S. at 740. To permit otherwise would "'nullify the purposes' of the [FLSA] and thwart the legislative policies it was

---

[1] The undersigned notes that the effective date of the Agreement is the date on which the agreement was signed by all the parties and that the revocation period has expired without the agreement being revoked. (Doc. 45-1.)

designed to effectuate." *Id.* (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945)).

The parties seek judicial review and a determination that their settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores*, 679 F.2d at 1354–55. If a settlement is not supervised by the Department of Labor, the only other route for a compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under § 216(b) to recover back wages for FLSA violations. *Id.* at 1353. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.*

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

When evaluating an FLSA settlement agreement, the district court considers both whether the settlement is fair and reasonable to the employee, or "internal" factors, and whether the settlement frustrates the purpose of the FLSA, or "external" factors. *Dees v. Hyrdradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010); *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350–51 (M.D. Fla. 2010). Factors considered "internal" include: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." *Hamilton v. Frito-Lay, Inc.*, No. 6:05-CV-592-ORL-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007). There is a "'strong presumption' in favor of finding a settlement fair." *Id.* (quoting *Cotton v. Hinton*, 559 F.2d 1336, 1331 (5th Cir. 1977)).[2]

### III. DISCUSSION

#### A. Settlement Sum

Under 29 U.S.C. § 216(b), an employee damaged by a violation of the FLSA is entitled to unpaid overtime compensation plus an additional, equal amount, as liquidated damages. 29 U.S.C. § 216(b) ("Any employer who violates the provisions of [the FLSA] shall be liable to the employee . . . affected in the amount of their unpaid

---

[2] *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding all decisions from the Fifth Circuit handed down prior to October 1, 1981, are binding on the Eleventh Circuit).

minimum wages, or their unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages.").

According to the Motion, Plaintiff will receive $1,250 for unpaid overtime compensation and $1,250 for liquidated damages. (Doc. 45 at 4.) Plaintiff initially claimed he was entitled to $2,532.04 in unpaid overtime compensation. (Doc. 29 at 2.) Because Plaintiff will receive less than the amount to which he claimed he was entitled under the FLSA, he has compromised his claim within the meaning of *Lynn's Food*, 679 F.2d at 1354–55.

On review, I find the $1,250 Plaintiff has agreed to accept in satisfaction of his claim to be fair and reasonable in comparison to the original claim, considering that all parties are represented by counsel and wish to avoid the risk and expense of further litigation. I also find this amount fair in relation to the nature of the dispute between the parties contesting Plaintiff's entitlement to overtime payments. Thus, I find that the settlement sum represents a fair resolution of a *bona fide* dispute between the parties and that Plaintiff has not unfairly compromised his claim.

### B. Attorney's Fees

Plaintiffs' attorney will receive $4,000.00 for fees and costs. (Doc. 45 at 4.) Pursuant to 29 U.S.C. § 216(b), "[t]he court [in an FLSA action] shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." As the parties represent that this amount was negotiated separately from the amount received by Plaintiff, and the settlement is otherwise reasonable on its face, further review is not required. (Doc. 45 at 7–8; *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228

(M.D. Fla. 2009) (stating that if the parties "represent[] that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, . . . the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.").)

### C. Amendments Provision

The Agreement contains a provision that grants the parties leave to amend the Agreement (the "Amendment Provision"). It provides that "[t]his Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference to this Agreement." (Doc. 45-1 ¶ 8.) Approval of a settlement agreement with such a provision leaves "the parties free to circumvent *Lynn's Food* review through post hoc modifications of an already-approved agreement." *Dumas v. 1 ABLE REALTY, LLC*, No. 6:17-cv-765-Orl-37KRS, 2018 WL 5020134, at *3 (M.D. Fla. Mar. 9, 2018). As such, I cannot recommend approval of an agreement that is not in its "final form, with [] opportunity for amendment." *Id.*

However, the Agreement contains a severability provision that provides:

> Except as set forth below, should any provision of this Agreement herein be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

(the "Severability Provision") (Doc. 45-1 ¶ 5.) Courts in this District routinely approve settlement agreements while striking unfair or unenforceable provisions of the

agreement when the agreement contains a severability provision. *See*, *e.g.*, *Encarnacion v. Dannix Painting LLC*, No. 6:18-cv-682-Orl-41KRS, 2018 WL 5084749, at *3 (M.D. Fla. Aug. 13, 2018), *report and recommendation adopted*, 2018 WL 5840509 (M.D. Fla. Nov. 8, 2018) (recommending that the contradictory provisions and the general release provision be stricken where the settlement agreement contained a severability provision); *Goern v. Everglades Day Safari, Inc.*, No. 2:16-cv-755-FtM-99MRM, 2017 WL 3328242, at *3 (M.D. Fla. July 14, 2017), *report and recommendation adopted*, No. 2:16-cv-755-FtM-99MRM, 2017 WL 3316369 (M.D. Fla. Aug. 2, 2017) (recommending that the plaintiff's "waiver and general release" provision be stricken where the settlement agreement contained a severability provision); *Ramnaraine v. Super Transp. of Fla., LLC*, No. 6:15-cv-710-Orl-22GJK, 2016 WL 1376358, at *4 (M.D. Fla. Mar. 28, 2016), *report and recommendation adopted*, No. 6:15-cv-710-Orl-22GJK, 2016 WL 1305353 (M.D. Fla. Apr. 4, 2016) (recommending that the non-disparagement and confidentiality provisions be stricken from a settlement agreement that contained a severability provision). Because the Severability Provision permits striking the Amendments Provision, I recommend that the Court sever the Amendments Provision (Doc 45-1 ¶ 8) from the Agreement.

### D. Waiver of Employment Provision

The Agreement also contains a waiver of employment provision (the "Waiver of Employment Provision"). (Doc. 45 ¶ 12.) It provides that: "[Plaintiff] agrees that he will not seek employment with the [Defendant], or any of their affiliates, in the future,

and expressly waives any and all claims arising from any refusal by the [Defendant] to offer to him employment at any time in the future." (*Id.*) This type of restrictive provision is generally disfavored by courts because it is viewed as punishing the plaintiff for exercising his or her rights under the FLSA. *See, e.g.*, *Owens v. SSRMI, LLC*, No. 5:16-cv-15-Oc-40PRL, 2017 WL 2190646, at *3 (M.D. Fla. Apr. 28, 2017) (citing *Nichols v. Dollar Tree Stores, Inc.*, No. 1:13-CV-88 (WLS), 2013 WL 5933991, at *6 (M.D. Ga. Nov. 1, 2013)), *report and recommendation adopted*, 2017 WL 2172089 (M.D. Fla. May 17, 2017).

The parties have not provided an explanation as to why the Waiver of Employment Provision is fair and reasonable. Furthermore, it is unclear whether Plaintiff is receiving separate consideration for the Waiver of Employment provision. *Cf. Caamal v. Shelter Mortg. Co., L.L.C.*, Case No. 6:13-cv-706-Orl-36KRS, 2013 WL 5421955, at *4 (M.D. Fla. Sept. 26, 2013) (approving a no-rehire provision where the agreement specifically provided that additional, separate consideration had been paid for that specific provision and other releases); *Cruz v. Winter Garden Realty, LLC*, No. 6:12-cv-1098-Orl-22KRS, 2013 WL 4774617, at *3 (M.D. Fla. Sept. 4, 2013) (finding the settlement agreement fair despite waiver of right to future employment, in part, because the plaintiff stated that she did not desire reemployment). Absent an explanation for the Waiver of Employment provision, or additional, separate consideration, the undersigned cannot evaluate the fairness of this provision.

Because the Severability Provision (Doc. 45 ¶ 5) permits striking the Waiver of Employment Provision, I recommend that the Court sever the Waiver of Employment

Provision (Doc. 45 ¶ 12) from the Agreement.

## IV. RECOMMEDATION

Upon consideration of the foregoing, I respectfully recommend that the Court:

1. **GRANT IN PART** the parties' Second Renewed Joint Motion for Approval of Settlement (Doc. 45);

2. **STRIKE** the Amendments Provision and Waiver of Employment Provision (Doc. 45-1 ¶¶ 8, 12);

3. **FIND** that the parties' Agreement (Doc. 45-1), as revised, is a fair and reasonable resolution of a *bona fide* dispute under the FLSA;

4. **DISMISS** the case with prejudice; and

5. **DIRECT** the Clerk of Court to close the file.

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **If the parties do not object to this Report and Recommendation, then they may expedite the approval process by filing notices of no objection.**

Recommended in Orlando, Florida on January 12, 2022.

*[signature]*

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record